both Fed.R.Civ.P. 23(a) and 23(b) in the case of the proposed Section 1054 Class.[21]

**Norman MUELLER, et al., Plaintiffs,**

v.

**CBS, INC. f/k/a Westinghouse, Inc., Defendant.**

**CIV.A. No. 99–1310.**

United States District Court, W.D. Pennsylvania.

Jan. 31, 2001.

Gary F. Lynch, New Castle, PA, Colleen E. Ramage, Ramage & Valles, John T. Tierney, David B. Rodes, Theodore Goldberg, Goldberg, Persky, Jennings & White, Edward A. Olds, Lindsay S. Mork, Leven, Surloff, Smith & Cohen, Robert B. Smith, City of Pittsburgh Department of Law, Pittsburgh, PA, Robert H. Kutz, Greensburg, PA, for plaintiffs.

Laura E. Ellsworth, Amy E. Dias, Jones, Day, Reavis & Pogue, Sheila M. Ford, Ford & Council, Pittsburgh, PA, Glen D. Nager, Robert H. Klonoff, Andrew M. Kramer, Thomas M. Beck, Jones, Day, Reavis & Pogue, Washington, DC, James P. Hollihan, George M. Medved, David J. Kolesar, Henry W. Ewalt, Pepper Hamilton, Eric J. Sobczak, Pittsburgh, PA, for defendants.

## *OPINION* and *ORDER OF COURT*

AMBROSE, District Judge.

Pending before this Court is a Motion by Plaintiffs for Partial Summary Judgment on the Issue of ADEA Liability ("ADEA Motion"), Docket No. 85, and a companion Motion for Class Certification pursuant to Rule 23 of the Federal Rules of Civil Procedure and for Partial Summary Judgment on Count V of the Complaint ("ERISA Motion"), Docket No. 87.[1] For the reasons set forth below, both Motions will be denied.

---

**1.** The question of class certification under Fed. R.Civ.P. 23 was addressed in a separate Opinion and Order issued on January ____, 2001, Docket No. ____.

## I. *INTRODUCTION*

### A. *Facts and Procedural History*

The facts and procedural history of this case are set out in detail in my Opinion and Order of Court dated January 3, 2001 (Docket No. 107), which addresses the question of conditional certification and notice for two subclasses of plaintiffs under the Age Discrimination in Employment Act of 1967 ("ADEA") 29 U.S.C. § 621 *et seq.* The claims arising from the same facts but related to violations of the Employee Retirement Income Security Act of 1974 ("ERISA") as amended, 29 U.S.C. § 1001 *et seq.*, are described in my Opinion and Order of Court dated January ___, 2001 (Docket No. ___). This Court has jurisdiction over the ADEA claims pursuant to 29 U.S.C. § 626(c) and over the ERISA claims pursuant to 29 U.S.C. § 1132.

### B. *Standard for Granting Summary Judgment*

A court may grant summary judgment if the party so moving can show, based on "pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, . . . that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Rossetti v. Busch Entertainment Corp.*, 87 F.Supp.2d 415 (E.D.Pa.2000). If a reasonable jury could return a verdict for the non-movant, the dispute is genuine and if, under substantive law the dispute would affect the outcome of the suit, it is material. A factual dispute between the parties that is both genuine and material will defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In considering a motion for summary judgment, the court must view all the evidence in the light most favorable to the non-movant, accept the non-movant's version of the facts as true, and resolve any conflicts in its favor. *Rossetti, id., citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) and *Big Apple BMW, Inc. v. BMW of North America, Inc.*, 974 F.2d 1358, 1363 (3d. Cir. 1992). In short, the moving party must show that if the pleadings, depositions and other evidentiary material submitted to date were admissible at trial, the party opposing the motion could not carry its burden of proof based on that evidence and a reasonable jury would thus decide all genuine material disputes favor of the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 318, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## II. *PLAINTIFFS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT*

### A. *On the Issue of ADEA Liability*

Plaintiffs claim that they are entitled to judgment as a matter of law because there is no genuine issue of material fact on the question of whether Defendant enacted an illegal policy, pattern or practice of discrimination against its older professional and management workforce. (ADEA Motion at 1.) In their Brief in Support of the ADEA Motion ("ADEA Brief," Docket No. 86), Plaintiffs elaborate on this statement by alleging that Defendant violated Section 4(a) of the ADEA [2] by creating and implementing a corporate-wide policy of discrimination against those workers by intentionally and willfully terminating them. Defendant further violated ADEA Section (i)(1)(A) [3] by targeting employees close to retirement to prevent vesting of their pension benefits, by telling them they could not receive a lump sum pension option unless they released all claims against Defendant, and by amending the company's pension plan to freeze accrued benefits and

---

**2.** ADEA § 4(a) provides in pertinent part: "It shall be unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age." 29 U.S.C. § 623(a)(1).

**3.** ADEA § (i)(1)(A) provides in pertinent part: "[I]t shall be unlawful for an employer . . . to establish or maintain an employee pension benefit plan which requires or permits (A) in the case of a defined benefit plan, the cessation of an employee's benefit accrual, or the reduction of the rate of an employee's benefit accrual, because of age." 29 U.S.C. § 623(i)(1)(A).

eliminate further accruals under the lump sum option. (ADEA Brief at 1–2.)

Plaintiffs base this motion on "statistical evidence which creates an implication of age discrimination" and on purported admissions by Defendant's officers that the company considered employees' ages in making downsizing decisions during the 1990s and in amending the pension plan. (ADEA Brief at 2.)

### B. *On the Issue of ERISA Violations (Count V of the Complaint)* [4]

Plaintiffs claim that there is no dispute concerning the material facts surrounding Defendant's violation of ERISA § 204(1)(b)(H)(i) [5] by its act of amending the company's pension plan to freeze the lump sum benefit; consequently, Plaintiffs are entitled to summary judgment as a matter of law. (ERISA Motion at 3.) Plaintiffs submit a brief in joint support of their Motion for Class Certification and this Motion for Summary Judgment ("ERISA Brief," Docket No. 88), however, other than one passing reference to the issue of summary judgment on page 2, the document is devoid of any substantive argument in support of the summary judgment motion. [6]

### C. *Defendant's Rule 56(f) Response*

Defendants propose the following reasons why summary judgment should not be granted: (1) the motions are factually unsupported; (2) the ERISA Motion violates the District's local rules in that the brief supposedly in support thereof focuses solely on class certification issues and does not support an argument for summary judgment; (3) Plaintiffs cannot pursue a "pattern and practice claim" under the ADEA until a class is certified, which, at the time the ADEA motion was submitted, it had not been; and (4) under Fed.R.Civ.P. 56(f), the motions are premature because parties have not completed pertinent merits discovery. (Defendant's Opposition to Plaintiffs' Motions for Summary Judgment, "Def.'s Opp.," Docket No. 105.) Because I agree completely with Defendant's fourth point, I find it unnecessary to address any arguments offered by Plaintiffs in support of their motions.

### III. *ANALYSIS*

Plaintiffs' Motions are entirely premature because, by agreement of the parties, discovery in this matter has proceeded only to questions related to class certification. In the notes of a status conference held in my chambers on March 27, 2000, the pending discovery is specifically limited to "class certification issues.... Discovery dates on merits discovery [are] to be set later." (Docket No. 26.) A thorough review of the case docket reveals that no such dates have yet been determined.

This limitation is further substantiated by the parties' behavior. In numerous Motions for extensions of time to complete discovery, to compel deposition testimony, to compel production of documents, etc., Plaintiffs have always couched their requests in terms of class certification. As just one example, in a Motion to Compel Deposition Testimony, they state at paragraph 16, "Plaintiffs believe it is essential to their efforts **to achieve class**

---

4. The Court notes that Count V. of the Second Amended Complaint, Docket No. 19, also includes alleged violations of ERISA § § 204(g), 204(c)(3), and 204(b)(1)(A)–(C). Inasmuch as those sections are not addressed in the ERISA Motion nor the ERISA Brief, I will assume Plaintiffs do not seek summary judgment on any of those claims.

5. ERISA § 204(b)(H)(i) provides: "A defined benefit plan shall be treated as not satisfying the requirements of this paragraph if, under the plan, an employee's benefit accrual is ceased or the rate of any employee's benefit accrual is reduced, because of the attainment of any age." 29 U.S.C. § 1054(b)(1)(H)(i); *see also* IRC § 411(b)(1)(H), 26 U.S.C. § 411(b)(1)(H).

6. The entire discussion of § 204(b)(1)(H)(i) is limited to a single page in the ERISA Brief in which Plaintiffs assert a violation of ERISA because the pension plan amendments "effect a cessation in the rate of accrual of benefits in the lump sum;" conclude (relying on a single case based on interpretation of the ADEA) that a lump sum payout "is a unique benefit which cannot be eliminated on the basis of age;" and argue that "because an employee must reach the age of 58 with 30 years of service under the plan before he experiences a cessation of accrued benefits, ... the reductions in the lump sum accruals are attributable to the attainment of any age." (ERISA Brief at 5.)

**certification** that they be able to depose corporate designees." (Docket No. 42, June 1, 2000, emphasis added.) Defendant also apparently acted on the assumption that discovery related only to class certification issues. In Defendant's Motion for Partial Reconsideration of the Court's May 5, 2000 Order Revising Briefing Schedule, for example, Defendant writes at paragraph 5, "The discovery record developed by the parties **regarding class issues** is extensive." (Docket No. 47, June 8, 2000, emphasis added.)

In short, both parties have proceeded in the expectation that discovery prior to determination of class certification issues was not directed to the merits of the case. It is true that class certification discovery may overlap substantially with merits discovery because "a key question in class certification may be the similarity or dissimilarity between the claims of the representative parties and those of the class members—an inquiry that may require discovery of the merits and development of basic issues." *Blair v. Source One Mortg. Serv. Corp.*, CA No. 96–2497, 1997 WL 79289 *2, U.S. Dist. LEXIS 2152, *6 (E.D.La. Feb. 21, 1997), *quoting Manual for Complex Litigation* (Third) § 30.12 (1995). Although Plaintiffs apparently conclude they have acquired sufficient evidence during the class certification stage to support their motions, I believe it would be an abuse of discretion if I were to grant summary judgment at this point when it is clear from the record that both parties expected further discovery to follow my rulings on class certification. *See*, e.g., *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 444 (3d Cir.1977), reversing as an abuse of discretion the district court's grant of summary judgment when the discovery taken to date was "principally concerned with issues raised by the class action allegations."

Defendant claims it has not had sufficient opportunity to develop evidence to refute Plaintiffs' claims under either the ADEA or ERISA motions. Fed.R.Civ.P. 56(f) provides that "should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had." The most specific point of Defendant's argument—and the one with which I most strongly agree—is that Defendant has not yet deposed the statistical experts on whose analyses Plaintiffs rely almost exclusively in their arguments for summary judgment.

On July 25, 2000, I signed a stipulated order by the parties agreeing to postpone expert discovery (including depositions) until after a ruling on class certification. (Docket No. 91.) Specifically, the parties agreed that "neither party shall be permitted to depose any expert witness prior to the Court ruling on class certification" and "depositions of any and all expert witnesses ... relating to merits issues will be conducted during the merits phase of discovery." (*Id.*) in keeping with this Order, Defendant has not yet deposed Plaintiffs' statistical expert Charles R. Mann nor actuarial expert Claude Poulin. (Affidavit of Amy E. Dias in Support of Def.'s Opp., Docket No. 106, ¶¶ 13, 17.) Defendant further claims that its own statistical and actuarial experts have been unable to reproduce the analyses of Plaintiffs' experts and, without further information gained via such depositions, have been unable to demonstrate that Plaintiffs' analyses, assumptions and conclusions are incorrect. (*Id.*, ¶¶ 14, 19–20; Affidavit of Joan G. Haworth, Ph.D. [statistical expert] in Support of Def.'s Opp., Docket No. 102; Affidavit of Donald Segal [actuarial expert] in Support of Def.'s Opp., Docket No. 99.) Defendant argues, and I agree, that it should be permitted to complete merits discovery, including depositions of Plaintiffs' experts, before responding to the Motions for Summary Judgment. *See*, e.g., *Cedillo v. Int'l Ass'n of Bridge & Structural Iron Workers*, 603 F.2d 7, 12 (7th Cir.1979), reversing summary judgment against plaintiffs denied an opportunity to engage in discovery regarding statistical data to substantiate their Title VII claims; *Miller v. Beneficial Mgmt. Corp.*, 977 F.2d 834, 845 (3d Cir.1992), concluding, when plaintiff had not yet taken several key depositions, that "the incomplete state of discovery alone should have precluded summary judgment on the merits."

Therefore, without reaching the merits of the arguments put forth by Plaintiffs in either the Motion for Partial Summary Judgment on the Issue of ADEA Liability nor the Motion for Partial Summary Judgment on Count V of the Complaint, these Motions are denied as premature.